THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO C. GUERRA, | CASE NO. C25-0693-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to appoint *pro bono* counsel (**Dkt. No. 8**) and for an extension of a deadline for the parties to meet and confer (**Dkt. No. 10**).

As to the motion to appoint counsel, Plaintiff contends he requires *pro bono* counsel to fully pursue his employment discrimination claims. (*See generally* Dkt. Nos. 8, 9.) However, such an appointment "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). While a court may do so for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1),[1] this is limited to "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether such circumstances arise, the Court

---

[1] 28 U.S.C. § 1915 does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

ORDER
C25-0693-JCC
Page 1

considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff's case history here demonstrates an ability to sufficiently articulate his claims. (*See generally* Dkt. No. 1-2 at 10–129.) As such, Plaintiff has not established exceptional circumstances warranting the appointment of counsel. As such, the motion to appoint counsel (**Dkt. No. 8**) is DENIED.

As to the motion for an extension of time (Dkt. No. 10), the Court finds good cause to do so, based on client's representations regarding medical issues. The previously articulated deadline, (*see* Dkt. No. 7), is EXTENDED to November 24, 2025. Accordingly, Plaintiff's motion for an extension of time (**Dkt. No. 10**) is GRANTED.

DATED this 8th day of September 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE