THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIO C. GUERRA,

                    Plaintiff,

        v.

DEPARTMENT OF VETERANS
AFFAIRS, *et al.*,

                    Defendants.

CASE NO. C25-0693-JCC

ORDER

        This matter comes before the Court on the Department of Veterans Affairs ("VA") and

the Secretary of Veterans Affairs' (collectively the "VA Defendants") partial motion to dismiss

(Dkt. No. 22). Having thoroughly considered the briefing and the relevant record, and for the

reasons described below, the Court GRANTS the VA Defendants' motion (Dkt. No. 22), thereby

DISMISSING claims against them to the extent they either fail as a matter of law or are

unrelated to and/or predate Plaintiff's VA termination, and *sua sponte* DISMISSES all claims

against the non-moving defendants in accordance with 28 USC § 1915(e)(2)(B).

I.      BACKGROUND[1]

        This case began as an appeal of Plaintiff's VA employment termination to the Merit

_____

[1] The facts below come from the Amended Complaint (Dkt. No. 20), including documents
incorporated by reference into the complaint and/or properly subject to judicial notice (Dkt. Nos.
1, 1-2, 23-1, 23-2, 23-3, 23-4). *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d

ORDER
C25-0693-JCC
Pg. 1

Systems Protection Board ("MSPB"), which followed Plaintiff's conviction in this court for Felony-Theft of Public Funds. (*See* Dkt. Nos. 23-2 at 4, 8; *see generally* Dkt. No. 24.)[2] Nevertheless, Plaintiff asserts the termination was pretextual and followed years of discriminatory, retaliatory, and improper conduct by the VA, its Office of Inspector General ("OIG") and VA personnel. (*See generally* Dkt. No. 20 at 6–21.) Plaintiff alleges that he was really fired for his race, national origin, and/or disability. (*See* Dkt. No. 23-3 at 15–16, 18–19.) The MSPB's administrative judge found otherwise and affirmed the dismissal, (*see* Dkt. No. 23-2), as did the MSPB's full Board, *see Guerra v. Dep't of Veterans Affairs*, 2024 WL 4404379, slip op. at 1 (M.S.P.B. 2024). Plaintiff then appealed *in forma pauperis* to the Court of Appeals for the Federal Circuit, who transferred the matter here (as a mixed case). (*See* Dkt. Nos. 1 at 1–3, 1-3 at 1–4.)

In an amended complaint, Plaintiff now asserts the following: Privacy Act and Family and Medical Leave Act ("FMLA") violations against the VA Defendants (Counts I, II, VII); Title VII and Rehabilitation Act violations against the VA Defendants (Counts III, IV, VIII, IX); and *Bivens*[3] claims against individual defendants (OIG and VA personnel) (Counts V, VI). (Dkt. No. 20 at 21–28.) The allegations supporting these claims are largely based on conduct preceding and/or unrelated to the allegedly discriminatory conduct associated with plaintiff's termination. (*See id.* at 6–21.) Thus, the VA Defendants move pursuant to Rules 12(b)(1) and 12(b)(6) to

---

741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of court filings); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating documents referenced in a complaint). To be clear, the Court *does not* take judicial notice of any factual findings made by other courts or facts reasonably subject to dispute contained in those documents.

[2] Plaintiff was terminated in January 2023. *See United States v. Guerra*, Case No. 3:22-cr-05213-BHS, Dkt. Nos. 8, 25 (W.D. Wash. 2022). That conviction resulted from Plaintiff's admission (and guilty plea) to making false statements in support of the receipt of VA program benefits (not directly related to his employment). *Id.*, Dkt. Nos. 7 at 6–7, 14 at 1.

[3] *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

ORDER
C25-0693-JCC
Pg. 2

partially dismiss. (Dkt. No. 22.) They argue that counts I, II, and VII fail as a matter of law; counts III, IV, VIII, and IX are unexhausted and time-barred to the extent they relate to conduct preceding and unrelated to Plaintiff's termination; and also suggest that counts V and VI fail as a matter of law, thus subjecting them to *sua sponte* dismissal as to the individual non-moving defendants in accordance with 28 U.S.C. § 1915(e)(2)(B). (*See id.* at 5–10.)

## II.   DISCUSSION

In general, the Civil Service Reform Act ("CSRA") provides for MSPB review of termination decisions. 5 U.S.C. § 7701 *et seq.*; *see Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012). And when the employee attributes the decision, in whole or part, to unlawful discrimination, the appeal presents a "mixed case." 29 C.F.R. §§ 1614.302, 1614.302(a)(1), 1614.302(a)(2). In such instances, the employee has a right to *de novo* review of the MSPB decision by the appropriate district court, rather than a more limited review by the Court of Appeals for the Federal Circuit (for a non-mixed case). *See* 5 U.S.C. §§ 7702(a)(1)(B), 7703(b)(2). Nevertheless, even at this level, there are limits.

### A.    Legal Standard – Rules 12(b)(1) and 12(b)(6)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Accordingly, a party may move pursuant to Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction at any time. Fed R. Civ. P. 12(b)(1).[4] Whereas Rule 12(b)(6) directs a court to dismiss a complaint, upon a

---

[4] A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

ORDER
C25-0693-JCC
Pg. 3

defendant's motion, for failing to state a claim. Fed. R. Civ. P. 12(b)(6).[5] Thus, to avoid dismissal, a plaintiff must point to factual allegations that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Said another way, the Court must be able to conclude that the movant is entitled to judgment as a matter of law, even after accepting allegations as true and construing them in the light most favorable to the non-moving party. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Moreover, when a plaintiff is proceeding *in forma pauperis*, the court "shall" dismiss the case "at any time" if it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).[6]

### B.    Privacy Act and FMLA Claims (cts. 1, II, VII)

Plaintiff's Privacy Act and FMLA claims all relate to the VA's disclosure of Plaintiff's medical, disability, and personnel records to the OIG (in the course of its fraud investigation). (*See* Dkt. No. 20 at 6–8, 12–14, 16–17). In moving to dismiss claims based on this conduct, the VA Defendants point to the OIG's statutory authority for obtaining just such disclosure. (*See* Dkt. No. 22 at 5–6) (citing 5 U.S.C. § 406, 38 U.S.C. § 312). Thus, says the VA Defendants,

However, when the Court reviews a "facial" challenge to its exercise of jurisdiction, the Court assumes the truth of all material facts in the complaint. *See Warren*, 328 F.3d at 1139. As the Ninth Circuit has recognized, where the CSRA preempts a plaintiff's claim, the Court lacks subject matter jurisdiction. *Saul v. United States*, 928 F.2d 829, 832 (9th Cir. 1991). Finally, the plaintiff bears the burden to prove that jurisdiction exists so as to survive a Rule 12(b)(1) motion challenging the Court's exercise of subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

[5] According to the rule, the Court assumes the truth of the complaint's factual allegations and credits all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

[6] When assessing a complaint under this provision, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

ORDER
C25-0693-JCC
Pg. 4

claims predicated on this disclosure fail as a matter of law. (*Id.*) Plaintiff, in response, points to the generally circumscribed nature of permitted disclosure of medical and FMLA information. (*See* Dkt. No. 24 at 4–5.) But this argument does not meaningfully rebut the OIG's authority here: to gather "all records, reports, audits, reviews, documents, papers, recommendations, or other materials" in the course of its investigation. 5 U.S.C. § 406(a)(1)(A); *see, e.g.*, *Burlington N. R. Co. v. Off. of Inspector Gen., R.R. Ret. Bd.*, 983 F.2d 631, 635 (5th Cir. 1993) (describing the OIG's broad investigative authority, whether that be through subpoenas or other means); *Truckers United For Safety v. Mead*, 86 F. Supp. 2d 1, 9 (D.D.C. 2000) (same). Thus, Counts I, II and VII fail as a matter of law, as the disclosure they complain of is permissible.

### C. Title VII and Rehabilitation Act Claims Based on Conduct Preceding or Unrelated to Termination (cts. III, IV, VIII, IX)

In timely appealing his VA termination to the MSPB, Plaintiff alleged that it was motivated by discriminatory animus and was retaliatory in nature. (*See* Dkt. No. 23-3 at 2–40.) Claims resulting from such conduct were properly before the MSPB as a 'mixed case.' *See Crowe v. Wormuth*, 74 F.4th 1011, 1024–25 (9th Cir. 2023). Thus, they are exhausted and can be brought as stand-alone claim here. *See Wine v. Merit Sys. Protec. Bd.*, 2025 WL 2841689, slip op. at 6 (N.D. Cal. 2025) (describing appeals of MSPB mixed cases flow to the district court).

At issue, though, is that the vast majority of Plaintiff's allegations in support of his Title VII and Rehabilitation Act claims before this Court, (*see* Dkt. No. 20 at 9–21), seemingly lack a connection to his termination. Thus, they were not considered by the MSPB. (*See* Dkt. No. 23-3 at 2–40.) To properly exhaust them, Plaintiff had to raise them through an EEO complaint, before they could then be considered by this Court. *See Crowe*, 74 F.4th at 1024–25. And, absent exhaustion, this Court lacks jurisdiction to consider such claims. *Id.* In response, Plaintiff contends that, in fact, "EEO counseling was already underway" when his MSPB proceeding commenced. (Dkt. No. 24 at 5–6.) But a review of the EEO documentation, which is properly before the Court on a Rule 12(b)(1) motion, *see Lacano Investments, LLC v. Balash*, 765 F.3d

ORDER
C25-0693-JCC
Pg. 5

1068, 1072 (9th Cir. 2014), suggests otherwise. It clearly indicates that the conduct which Plaintiff brought to the EEO's attention all related to his "suspension" and "termination." (Dkt. No. 26-3 at 2.) He asserted no claims unrelated to or preceding his termination (or at least no such conduct). (*See generally* Dkt. Nos. 26-2, 26-3.)

Thus, claims raised here based on conduct unrelated to Plaintiff's termination (and not before the MSPB) have not been exhausted, stripping this Court of jurisdiction to consider such matters. Moreover, the statute of limitations to exhaust such claims has long since run. *See* 29 C.F.R. § 1614.105 (providing a 45-day limitation period). Plaintiff argues for equitable tolling. (*See* Dkt. No. 24 at 6.) But Plaintiff was put on notice in July 2023 at the latest (when the MSPB notified him that it was affirming the agency's termination decision) that it could not consider conduct unrelated to his termination. (*See* Dkt. No. 23-3 at 21) (explaining that conduct "unrelated to the charge or removal decision" would not be considered by the MSPB).

Dismissal of such claims, if based on unrelated conduct, is proper and must be with prejudice.

### D. *Bivens* Claims (cts. V, VI)

Finally, because the Court has a *sua sponte* 28 U.S.C. § 1915(e)(2)(B) obligation to dismiss *in forma pauperis* claims that fail as a matter of law, the VA defendants urge the Court to also dismiss Plaintiff's *Bivens* claims (against the individual non-moving defendants). (Dkt. No. 22 at 8–10.) The VA Defendants contend the conduct at issue cannot trigger the narrow relief *Bivens* affords. (*Id.*) In response, Plaintiff repeats and expands on the conduct alleged as to the individual defendants. (*See* Dkt. Nos. 20 at 6–8, 24 at 6–9.) That conduct is insufficient to support a *Bivens* claim, as it does not withstand *Bivens*' two-step framework. *See Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017); *Harper v. Nedd*, 71 F.4th 1181, 1187 (9th Cir. 2023).

## III. CONCLUSION

For the foregoing reasons, the VA Defendants' motion for partial dismissal (Dkt. No. 22)

is GRANTED. The Court DISMISSES with prejudice claims against the VA Defendants that fail as a matter of law (Counts I, II, VII) and the portions of the claims (Counts III, IV, VIII, IX) to the extent unrelated to and predating Plaintiff's VA termination. The Court also *sua sponte* DISMISSES claims against the individual defendants (Counts V, VI) pursuant to 28 USC § 1915(e)(2)(B).

DATED this 4th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-0693-JCC
Pg. 7