THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIO C. GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, *et al.*,<br><br>Defendants. | CASE NO. C25-0693-JCC<br><br>ORDER |

This matter comes before the Court on the cross-motions for summary judgement (Dkt. Nos. 43, 46). Having thoroughly considered the briefing and relevant record, the Court DENIES Plaintiff's motion (Dkt. No. 46) and GRANTS Defendants' motion (Dkt. No. 43) for the reasons described below.

This case began as Plaintiff's appeal to the Merit Systems Protection Board ("MSPB") of his employment termination by Department of Veterans Affairs ("VA"). (*See generally* Dkt. No. 23-2.) This followed Plaintiff's guilty plea to the crime of Felony-Theft of Public Funds, which was based on Defendant's misrepresentations (to the VA) in seeking certain disability payments (for Plaintiff's benefit). (*See* Dkt No. 23-1 at 6–7.) Nevertheless, Plaintiff asserts that the VA's termination was pretextual and followed years of discriminatory, retaliatory, and improper conduct. (*See* Dkt. No. 20 at 6–21.) Plaintiff alleges that, in fact, he was fired for his race,

national origin, and/or disability. (*See* Dkt. No. 23-3 at 15–16, 18–19.) Following Plaintiff's termination, the MSPB's administrative judge found otherwise, (*see* Dkt. No. 23-2), as did the MSPB's full Board, *see Guerra v. Dep't of Veterans Affairs*, 2024 WL 4404379, slip op. at 1 (M.S.P.B. 2024).

Plaintiff appealed these determinations to the Court of Appeals for the Federal Circuit, who transferred the matter here. (*See* Dkt. Nos. 1, 1-1, 1-2, 1-3.) That is because this is a mixed case under 5 U.S.C. § 7703(b)(2), involving an appeal of the MSPB's decision as to the VA's termination decision, along with an associated disparate treatment and retaliation claim. *See Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993) (discussing treatment of such cases). Thus, the Court employs a bifurcated standard of review, consisting first of a *de novo* review of the plaintiff's employment discrimination claim[1] and second, a "review of the MSPB decision [which] is deferential." *Crowe v. Wormuth*, 74 F.4th 1011, 1037 (9th Cir. 2023).

Here, after Plaintiff lodged an Amended Complaint (Dkt. No. 20), Defendants moved for dismissal pursuant to Rule 12(b)(1) and 12(b)(6) (on behalf of themselves and the individual defendants). (Dkt. No. 22.) This resulted in the elimination of certain claims against the VA, along with all claims against the individual defendants (except for Douglas Collins, the VA Secretary, in his official capacity). (*See generally* Dkt No. 29.)

Secretary Collins and the VA now move for summary judgment on all remaining claims (*i.e.*, disparate treatment and retaliation, along with a challenge to the VA's termination decision). (Dkt. No. 43.) Defendants argue that Plaintiff's discrimination claim(s) fail as a matter of law and that he fails to establish that the MSPB's decision was unreasonable. (*See generally* Dkt. No. 43.) Plaintiff cross-moves for summary judgment, although he does so well after the dispositive motion cut-off. (*See* Dkt. No. 46.)

[1] Title VII Prohibits an employer from discriminating against an individual on the basis of race, color, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

In general, in a matter involving *de novo* review, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)). When both parties file competing motions for summary judgement, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001).[2]

As to Plaintiff's employment discrimination claim(s), Plaintiff must first establish a *prima facie* case of discrimination. *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004). He may do so by producing direct or circumstantial evidence, or through the *McDonnell Douglas* burden-shifting framework.[3] *Id.* Plaintiff here fails to make *either* showing. In fact, his only nonconclusory accusation seems to be that VA employees occasionally misnamed him in workplace communications, referring to him as "Jose" rather than his given

---

[2] Following consideration of the evidentiary material, the Court is "permitted to decide cross-motions for summary judgement concurrently," *Davis v. Target Corp.*, 767 F. Supp. 3d 185, 194 (E.D. Pa. 2025), and does so here.

[3] Plaintiff may proceed under *McDonnell Douglas* if he can show that: (1) he belongs to a protected class; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated him differently than a similarly situated employee who does not belong to the same protected class. *See Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1003 (9th Cir. 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

name. (*See* Dkt. No. 45-9 at 3.) But he provides no legal support for the proposition that merely misnaming him, without some defamatory connotation and without other conduct, demonstrates sufficient racial animus to be discriminatory. (*See generally* Dkt. Nos. 45, 46, 51.) And Plaintiff produces no other evidence of the type required to suggest "racially discriminatory intent." *Nahum v. Boeing Co.*, 2025 WL 670969, slip op. at 1 (9th Cir. 2025). Fundamentally, what he Court is left with are conclusory allegations insufficient for direct or circumstantial evidence of discrimination. *See, e.g., Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (finding conclusory allegations insufficient to defeat a summary judgment motion). And Plaintiff fares no better under *McDonnell Douglas*. Granted, it seems undisputed that Plaintiff alleges he belonged to a protected class, performed his job satisfactorily (absent the theft crime), and suffered an adverse employment action. (*See generally* Dkt. Nos. 43, 45, 46, 48, 50, 51.) But he points to nothing suggesting similarly situated employees (who were not members of a protected class) were treated differently than him. (*See generally* Dkt. Nos. 45, 46, 51.) Without this, Plaintiff clearly cannot make a *prima facie McDonald Douglas* showing. *See, e.g.*, *McDaniels v. Grp. Health Co-op.*, 57 F. Supp. 3d 1300 (W.D. Wash. 2014) (granting summary judgement, holding that plaintiff "failed to create a genuine issue of fact with respect to the existence of valid comparators").

But even assuming, *arguendo*, that Plaintiff had established a *prima facie* case of employment discrimination, his claim(s) would still fail. This is because of undisputed record evidence that Plaintiff defrauded the VA of $58,054.17 (by inflating his own VA benefit eligibility). (Dkt. Nos. 23-1 at 6–7, 45-4 at 22.) By any reasonable measure, this is a compelling, non-discriminatory basis for Plaintiff's termination (as a VA representative). That is particularly true here, where Plaintiff was involved in other individuals' VA benefits. (Dkt No. 45-7 at 1) Indeed, both the Ninth Circuit and sister courts have found fraud and theft to be legitimate reasons for termination, at levels paling in comparison to this one. *See, e.g.*, *Fong v. American*

*Airlines, Inc.*, 626 F.2d 759, 761 (9th Cir. 1980) (affirming summary judgement against a plaintiff-appellant who stole minor "items such as an in-flight meal, liquor miniatures, a can of coke, and a company wrench"); *Siedschlag v. Wal-Mart Stores, Inc.*, 2008 WL 357015, slip op. at 4, (W.D. Wash. 2008) (finding employee's failure to pay for an oil change to be a legitimate basis for termination); *Rhine v. Buttigieg*, 2022 WL 18673225, slip op. at 1 (W.D. Wash. 2022) (upholding the termination of a federal employee for misusing "government equipment and time"). This Court sees no reason to depart from those holdings.

Fundamentally, Plaintiff provides insufficient evidence to make a *prima facie* case of employment discrimination, whether that be through nonconclusory allegations or the *McDonnell Douglas* burden-shifting framework. Nor would it seem that he could, given the undisputed facts here. And without this, his discrimination claims cannot proceed.

Plaintiff's termination challenge is equally flawed. Ordinarily, the Court will not "place itself in the shoes of the agency and second-guess it." *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Moreover, to successfully overturn an MSPB determination, a plaintiff must (at a minimum) show that its determination was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Coons v. Sec'y of U.S. Dept of Treasury*, 383 F.3d 879, 888 (9th Cir. 2004). Plaintiff falls well short of this bar. For one, he points to no evidence and presents no cogent argument in support. (*See generally* Dkt. Nos. 45, 46, 51.) Frankly, this is not a surprise. In this Court's view, the MSPB's decision is a thoughtful and well-reasoned determination, based on the record before it. *See generally Guerra*, 2024 WL 4404379.

For the foregoing reasons, Defendants' motion (Dkt. No. 43) is GRANTED and Plaintiff's cross-motion (Dkt. No. 46) is DENIED. Plaintiff's remaining claims are DISMISSED with prejudice.

DATED this 28th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE